UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Choice Hotels
International, Inc.,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Minnesota Lodging, LLC,
MN Properties, Inc.,
and Minesh Brahmbhatt,

Defendants. Civ. No. 00-991 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of May, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motion for Costs, Disbursements and Fees, following the District Court's Confirmation of an Arbitration Award, in accordance with Title 9 U.S.C. §§6 and 9. For purposes of this Motion, the Plaintiff appears by Joseph J. Roby, Esq., and the Defendants have made no appearance.[1] For reasons which follow, we recommend

---

[1]The Plaintiff advises that the Defendants have failed to make any appearance throughout the entire process of confirming the arbitration award. See, Affidavit of Joseph J. Roby, Jr., at ¶5.

FILED MAY 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

(16)

that the Plaintiff's Motion be granted, and that the Plaintiff be awarded fees in the amount of $2,100.00, and costs in the amount of $387.53.

## II. Factual and Procedural Background

On April 18, 2000, the Plaintiff Choice Hotels International, Inc., commenced this action to confirm an Arbitration Award it obtained on September 3, 1999. The underlying dispute, which prompted the arbitration, arose from a franchise agreement between the Plaintiff, and the Defendants MN Properties, Inc. ("MN Properties"), and Minesh Brahmbhatt ("Brahmbhatt"), as well as a franchise agreement between the Plaintiff and the Defendants Minnesota Lodging, LLC ("Minnesota Lodging"), and Brahmbhatt. See, Verified Application and Motion to Confirm Arbitration Award, at 2.

Having tried to serve the Defendants with process, on a number of occasions during April and May of 2000, on August 7, 2000, the Plaintiff was successful in serving MN Properties and Minnesota Lodging through the Minnesota Secretary of State. Thereafter, on August 24, 2000, the District Court, the Honorable James M. Rosenbaum presiding, issued an Order which confirmed the Arbitration Award against MN Properties, and Minnesota Lodging. In its Order, the Court directed that "the judgment shall include plaintiff's costs, disbursements, and attorney's fees against said two defendants jointly and severally." See, Choice Hotels International,

Inc. v. Minnesota Lodging, LLC, et al., Order, Civ. No. 00-991 (D. Minn. August 24, 2000)[Docket No. 8]. Thereafter, on September 1, 2000, the Plaintiff was able to effect service upon Brahmbhatt. See, Affidavit of Joseph J. Roby, Jr., at ¶4. The Court then issued an Amended Order, which confirmed the Arbitration Award against Brahmbhatt as well. The Order also provided that "the judgment shall include plaintiff's costs, disbursements, and attorney's fees against said defendant jointly and severally with the two business entity defendants." Choice Hotels International, Inc. v. Minnesota Lodging, LLC, et al., Order, Civ. No. 00-991 (D. Minn. September 27, 2000)[Docket No. 9]. The Plaintiff now moves for an award of costs, disbursements, and fees.

## III. Discussion

The Plaintiff has submitted the following Affidavit of Costs, Disbursements, and Fees, for which it is seeks reimbursement:

| | |
|---|---|
| Docket Fees (statutory): | = $20.00 |
| Marshal's Fees: | = $217.53 |
| Fee of private process server (Michael Becker) | = $60.20 |
| Fee of private investigator (Intelligence and Response Agency) | = $159.22 |
| Service Fee paid to Minnesota Secretary of State | = $70.00 |
| Clerk's Fees (to be added and taxed) | = $150.00 |
| Attorney's Fees (see attached itemization) | = $3,086.65 |

Affidavit of Costs, Disbursements, and Fees, at 2.

For convenience, we separately address the award of costs and attorney's fees.

A. The Taxability of Costs. Title 28 U.S.C. §1920 governs the taxation of costs in Federal Court. Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Under Section 1920(1), the Plaintiff requests Marshal's Fees in the amount of $217.53, and its filing fee in the amount of $150.00. Further, the Plaintiff requests its statutory Docketing Fee, in the amount of $20.00, pursuant to Section 1920(5), and Title 28 U.S.C. §1923(a). All three of these requests are reimbursable costs and,

therefore, we recommend that such an award be made to the Plaintiff.

The Plaintiff also requests $130.20 for the cost of a private process server, and for having to effect service through the Minnesota Secretary of State. The cost of a special process server is not covered by Section 1920, however, see, Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985), and the Plaintiff has pointed to no authority upon which to award such a cost. Finally, the Plaintiff asks for its cost in having to hire a private investigator,[2] in the amount of $159.22. Again, such a cost is not provided by Section 1920, and the Plaintiff has offered no authority to award such a cost. Thus, we recommend that the Plaintiff's request for costs, which were associated with the special process server, and with the private investigation service, be denied. As a result, we recommend a total award of costs in the amount of $387.53, to reimburse the Plaintiff for the Marshal's and Clerks fees, as well as the Docket Fee.

B. The Reasonableness of Fees.

1. Standard of Review. To determine a reasonable attorney's fee, a Court must calculate a "lodestar" amount "by multiply-

[2]We are not aware of the Plaintiff's reason for hiring the private investigation service, although it most probably was in an effort to effect service of process upon the Defendants.

ing the reasonable number of hours worked by counsel by a reasonable hourly rate for that attorney's services." Bailey v. Runyon, 50 F. Supp.2d 891, 893 (D. Minn. 1999), citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), and Baufield v. Safelite Glass Corp., 831 F. Supp. 713, 720 (D. Minn. 1993). In Bailey, the Court went on to explain:

> A party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. See, Hensley, 461 U.S. at 433, 103 S.Ct. 1933. Hours that were not "reasonably expended" should also be excluded. See id. at 434, 103 S.Ct. 1933. In ascertaining what constitutes a "reasonable hourly rate," the court must consider the "'ordinary fee for similar work in the community.'" Baufield, 831 F. Supp. at 721 (quoting Gopher Oil Co., Inc. v. Union Oil Co. of California, 757 F. Supp. 998, 1008 (D. Minn. 1991), remanded in part, 955 F.2d 519 (8th Cir. 1992).

Id. at 893.

The lodestar amount is "not the end of the inquiry," for "[t]here are factors that may weigh in favor of adjusting the fee upward or downward." Deluxe Corp. v. MIPS Dataline America, Inc., 2001 WL 476584 at *2 (D. Minn. May 4, 2001).

As the Supreme Court detailed, in Hensley, the factors to be evaluated, in adjusting up or down, include the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal ser-

> vice properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, supra at 430 n. 3, citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

Of course, "[t]he amount of a reasonable attorneys' fee must be determined on the facts of each case." Deluxe Corp. v. MIPS Dataline America, Inc., supra at *2, citing Hensley v. Eckerhart, supra at 429.

2. Legal Analysis. Here, the Plaintiff has requested attorneys' fees, for the efforts of its counsel, in the total amount of $3,086.65. See, Affidavit of Costs, Disbursements and Fees, Itemization of Attorney's Fees. Upon our independent review, however, we find that the tabulation of counsel's billable hours is somewhat excessive, and is wanting in specificity. As the Court explained, in Hensley v. Eckerhart, supra at 434:

> Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, "billing judgment" is

> an important component in fee setting. It is no less important here.

Where time entries in a fee petition do not describe, with precision, the work that was performed, they may be eliminated or substantially reduced. See, H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991); Baufield v. Safelite Glass Corp, supra at 713. Here, our analysis of the reasonableness of the hours that counsel has billed is doubly vexed by "block billing," and by counsel's practice of billing his time in ten-minute increments.

Block billing, in which different categories of work are commingled in a single time entry, and without specification as to the amount of time expended on each legal task, substantially impairs our capacity to ascertain whether the specific work, which was consuming counsel's time, was appropriate for the time allotted. See, Miller v. Woodharbor Molding Millworks Inc., 174 F.3d 948, 949-50 (8th Cir. 1999)(criticizing counsel's failure to "consistently identify the subject matter of the work performed," and "to specify the substance or content of" the billed tasks); McDannel v. Apfel, 78 F. Supp.2d 944, 947-48 (S.D. Iowa 1999)(same).

In addition, counsel registers his time in ten-minute units, such that, notwithstanding the actual time expended -- which could be less than ten minutes in duration -- a full ten minutes will be recorded. While we do not regulate the billing practices of the

law firms that appear before us, those practices do "not require the Court to pay a full [ten minute's] worth of fees for a task which should only have taken seconds." Bowman v. Sect'y of HHS, 744 F. Supp. 898, 901 n. 1 (E.D. Ark. 1989). Since counsel's time is recorded on a daily basis, we are unable to discern whether the accumulated time for telephone calls, as but one example, reflects a ten-minute dialogue, or a one-minute chat.

All totaled, counsel claims 25.35 hours in preparing this case from April 13, 2000, through September 18, 2000. The Plaintiff's claims, however, are legally and factually uncomplicated, and they required the preparation of only one legal brief, which consisted of four pages, with scant citation to legal authority. Moreover, no oral argument was required, and at no stage of this litigation have the arguments of the Plaintiff been opposed. We are mindful that much of counsel's time was expended in the frustrating process of effecting service upon the Defendants but, having closely reviewed the file, we conclude that preparing this case for the disposition it received would reasonably have required an expenditure of no more than 20 hours. Such an allowance would permit thorough legal research, and the preparation of pleadings and papers, which would professionally advance the Plaintiff's legal interests.

Lastly, we consider the Plaintiff's requested hourly fees. In determining the reasonableness of a plaintiff's hourly fee, a Court is to look to the ordinary fee for similar work in the community. See, Avalon Cinema Corp. v. Thompson, 689 F.2d 137, 140 (8th Cir. 1982). Plaintiff requests reimbursement at the rate of $162.00 per hour for counsel of shareholder status, and $70.00 per hour for a legal assistant. We find these hourly fees to exceed the norm modestly, when considering work of like kind and quality. While we do not doubt that, on occasion, legal counsel, and assistants, in the pertinent area of this District, could bill their time at the rates requested by the Plaintiff, we are satisfied that any such rates would not be related to the type of claim presently before us.

In this respect, we play a unique role, for we can accept that, in individualized cases, a client might well be willing to compensate his own attorney above the rate normally charged by that attorney's competitors, but the client is at liberty to do so when the client has a special relationship with legal counsel or, for other reason, elects to pay his counsel at a premium rate.[3] We

[3]As a consequence, we do not so much as intimate that legal counsel is not "worth" the hourly rate his law firm charges, for that valuation is uniquely a product of the attorney/client relationship. Rather, we view the work involved, and assess an attorney fee which is reasonable for that particularized category of (continued...)

have no such luxury here, however, for the cost of the fees will not be borne by the client, but will be billed to an opponent who had no voice in the selection of Plaintiff's counsel. Based upon our experience in such matters, we conclude that, in awarding counsel of shareholder status an hourly fee of $150.00, and $60.00 per hour for a legal assistant -- given the nature of the legal work performed -- we would be compensating their work in harmony with the prevailing billing fees and practices in the geographical area involved.

As a result, multiplying the 10 hours of legal work that were performed by a shareholder at $150.00 per hour, and the 10 hours of work by the legal assistant at $60.00 per hour, produces a reasonable fee award of $2,100.00.[4] To this amount, we add $387.53 in reimbursable costs, which produces a total award of $2,487.53.

WHEREUPON, It is --

---

[3](...continued) work. Given the fact that Plaintiff's counsel was not obligated to demonstrate his acumen and skills, in the context of a hotly contested case, we find the generic computation of a fee particularly appropriate here, and we see no occasion to adjust the lodestar amount either up, or down.

[4]The Plaintiff also requested $102.35 for computer-assisted legal research, which is not taxable, as "computer-based legal research must be factored into the attorney's hourly rate, hence the cost of computer time may not be added to the fee award." Strandley v. Chilhowee R-IV School District, 5 F.3d 319, 325 (8th Cir. 1993), citing Leftwich v. Harris-Stowe State College, 702 F.2d 686, 695 (8th Cir. 1983).

RECOMMENDED:

1. That the Plaintiff's Motion for an Award of Costs and Attorney's Fees [Docket No. 13] be granted.

2. That the Defendants be directed to pay fees and costs, jointly and severally, to the Plaintiff, in the total amount of $2,487.53.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 15, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no**

**later than June 15, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.